IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES A. GOSTON, # N-73283, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 15-cv-01357-MJR |
| | ) | |
| BARRY BRADY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

    Plaintiff James Goston, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights at Centralia Correctional Center ("Centralia") in 2014. Plaintiff claims that he was unlawfully denied the opportunity to attend his mother's funeral by a correctional counselor who was disciplined for interfering with his attorney-client phone call. (Doc. 1 at 5-8). He now sues the correctional counselor, Barry Brady, for deprivation of a liberty interest without due process of law under the Fourteenth Amendment and for retaliation under the First Amendment. (*Id.*). Plaintiff seeks compensatory damages. (*Id.* at 9).

    This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

Plaintiff's mother passed away in December 2014. (Doc. 1 at 6). At the time, Plaintiff was incarcerated at Centralia. Plaintiff and his sister both asked his correctional counselor, Barry Brady ("Counselor Brady"), if Plaintiff could attend the funeral. Counselor Brady denied the request for compassionate leave. He explained that Plaintiff was ineligible for leave because he received disciplinary tickets at another prison in 2012 and 2013. (*Id*. at 7).

Plaintiff characterizes Counselor Brady's decision as retaliatory. The month before his mother's death, Plaintiff lodged a complaint against the correctional counselor, after he interfered with Plaintiff's attorney-client phone call. (*Id*. at 5). Counselor Brady was reprimanded by his superiors and ordered to facilitate a second phone call between Plaintiff and his attorney, absent any interference from Counselor Brady. (*Id*.).

Plaintiff maintains that his request for compassionate leave should have been granted. (*Id*. at 6-8). At the time of his request, Plaintiff was an A-grade inmate. Despite Counselor Brady's assertion, Plaintiff had received no disciplinary tickets at Centralia, and he was not incarcerated elsewhere in 2012 and 2013. Further, his family agreed to pay for all funeral-related travel expenses. Counselor Brady allegedly denied the compassionate leave request, simply because Plaintiff complained about him the prior month.

Plaintiff now sues Defendant Brady for deprivation of a protected liberty interest without due process of law under the Fourteenth Amendment and for retaliation under the First Amendment. He seeks monetary damages.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into the following enumerated counts:

> **Count 1:** **Defendant Brady deprived Plaintiff of a protected liberty interest without due process of law, in violation of the Fourteenth Amendment, when he denied Plaintiff's request for compassionate leave in December 2014.**
>
> **Count 2:** **Defendant Brady exhibited deliberate indifference toward Plaintiff, in violation of the Eighth Amendment, when he denied Plaintiff's request for compassionate leave in December 2014.**
>
> **Count 3:** **Defendant Brady retaliated against Plaintiff, in violation of the First Amendment, when he denied Plaintiff's request for compassionate leave in December 2014.**

For the reasons discussed below, **Count 1** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. However, **Counts 2** and **3** shall receive further review.

**Count 1 – Deprivation of Liberty Interest Without Due Process**

The complaint fails to articulate a viable Fourteenth Amendment claim (**Count 1**) against Defendant Brady for depriving Plaintiff of a protected liberty interest without due process of law. The Seventh Circuit has held that federal law does not entitle prisoners "to compassionate leave or for that matter even to have contact with their families in prison." *Thomas v. Farley*, 31 F.3d 557, 559 (7th Cir. 1994) (citing *Merritt v. Broglin*, 891 F.2d 169 (7th Cir. 1989); *Touissaint v. McCarthy*, 801 F.3d 1080, 1113 (9th Cir. 1986)). *See also Carter v. Caraway*, 2015 WL 7303509, at *2 (C.D. Ill. Nov. 19, 2015); *Higgenbottom v. Racine Cnty. Sheriff Dep't*, 2015 WL

5512952, at *6 (E.D. Wis. Sept. 17, 2015) (collecting cases). No Fourteenth Amendment due process claim arises from a violation of Plaintiff's constitutional right to attend his mother's funeral.

Under some circumstances, a protected liberty interest may arise from state law, *see Merritt*, 891 F.2d at 171-72 ("A liberty interest can arise from the Constitution or from state statutes, policies and practices."). "In order for state regulations to create a constitutionally protected liberty interest, the regulations must employ 'language of unmistakably mandatory character, requiring that certain procedures shall, will, or must be employed . . . and that [the challenged action] will not occur absent specific substantive predicates, viz. the need for control, or the threat of a serious disturbance." *Colon v. Schneider*, 899 F.2d 660, 667 (7th Cir. 1990) (internal citation omitted). The complaint points to no such law.

Further, the decision regarding compassionate leave requires prison officials to exercise discretion. For legitimate reasons, prisons may be unable to ensure a prisoner's attendance at a funeral. These reasons may include institutional security (i.e., the reason given by Counselor Brady), inadequate notice, or a lack of available personnel to transport the prisoner, among other things. As the Seventh Circuit observed in *Merritt*, "[t]his is obviously an area of prison administration where courts should not read in restrictions on the exercise of executive discretion. Prison officials must be accorded broad discretion in determining whether prisoners will be allowed to temporarily leave an institution during their sentence." 891 F.2d at 174.

No protected liberty interest arises from the Constitution or state law. Without a protected liberty interest, Plaintiff's due process claim fails. **Count 1** shall be dismissed without prejudice.

**Count 2 – Deliberate Indifference**

The Court will instead allow Plaintiff to proceed with his claim under the Eighth Amendment (**Count 2**). The Seventh Circuit has recognized the possibility that the denial of a funeral furlough may rise to the level of cruel and unusual punishment. *Thomas*, 31 F.3d at 559; *Higgenbottom*, 2015 WL 5512952, at *8. To support a claim, a plaintiff must show that "the granting of such leave w[as] customary and prison officials denied it on a particular occasion or to a particular prisoner in order to cause psychological distress, or with deliberate indifference to his mental health." *Id*. The complaint suggests, at least for screening purposes, that compassionate leave was customary, and Counselor Brady denied Plaintiff's request with malicious intent. Under the circumstances, **Count 2** cannot be dismissed.

**Count 3 – Retaliation**

Plaintiff shall also be allowed to proceed with his First Amendment retaliation claim (**Count 3**) against Counselor Brady, who allegedly denied his compassionate leave request because Plaintiff filed a complaint against him. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g.*, *Gomez v. Randle*, 680 F.3d 859 (7th Cir. 2012); *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Filing a non-frivolous grievance is constitutionally protected and will support a retaliation claim. *See also Thomson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). At issue here is whether Plaintiff experienced an adverse action that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in Counselor Brady's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). The complaint suggests that each

of these inquires can be answered in the affirmative. Therefore, **Count 3** shall also receive further review.

### Non-Parties

Claims against any non-parties who are mentioned in the statement of claim are dismissed without prejudice. The complaint refers to the following individuals: Warden Austin, Warden Hagg, Warden Macen, and several unknown lieutenants. Plaintiff did not name any of these individuals as defendants in the case caption or the list of defendants. When parties are not listed in the caption, this Court will not treat them as defendants. *See* Fed. R. Civ. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party, a defendant must be "specif[ied] in the caption"). Any claims against these non-parties are considered dismissed without prejudice.

### Pending Motions

Plaintiff filed a motion for recruitment of counsel (Doc. 3), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

Plaintiff also filed a motion for service of process at government expense (Doc. 4), which is **GRANTED**.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that with regard to **COUNTS 2** and **3**, the Clerk of Court shall prepare for Defendant **BRADY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is

**DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter is hereby **REFERRED** to United States Magistrate

Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 13, 2016**

                                        **s/ MICHAEL J. REAGAN**
                                        **United States Chief District Judge**